# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:17-CV-00206-GNS-HBB

**KEVIN WHITAKER,** *et al.*                                                   **PLAINTIFFS**

**VS.**

**ABF FREIGHT SYSTEM, INC.,** *et al.*                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Defendant ABF Freight System, Inc. (ABF) has filed a motion to compel (DN 43). Plaintiffs Kevin and Brittany Whitaker have filed an objection in response (DN 51). The time for ABF to file a reply has expired. This matter is ripe for adjudication.

### Nature of the motion

On January 17, 2019, ABF served nonparty witness LifeSkills, Inc. with a subpoena duces tecum seeking copies of all documents related to LifeSkill's medical treatment of Kevin Whitaker (DN 43 PageID # 575, DN 43-1). On January 29, 2019, ABF received correspondence from LifeSkills advising that it required either an order from a court of record compelling production of the requested medical records or execution of a LifeSkills approved medical release form because the requested records contained protected health information (DN 43 PageID # 575-76). Subsequently, ABF forwarded the LifeSkills approved medical release form to Kevin Whitaker (Id. PageID # 576). He has not signed and returned the release form (Id.). As a result, ABF has filed this motion to compel LifeSkills to produce the records requested in the subpoena (Id.).

1

Arguments of the parties

ABF explains the expert disclosures made by Kevin and Brittany Whitaker and the injury claims made by Kevin Whitaker include, but are not limited to, claims that he suffered a brain injury that has left him with several neurological and psychiatric conditions (DN 43 PageID # 576). ABF also reports that Kevin Whitaker's responses to written discovery and his deposition testimony indicate he treated with LifeSkills before the accident for psychiatric and mental health issues (Id.). ABF asserts the past psychiatric and mental health treatment Kevin Whitaker received from LifeSkills is discoverable because it is relevant, within the meaning of Fed. R. Civ. P. 26(b)(1), to the claims he makes in this lawsuit and ABF's potential defenses to those claims (Id.). ABF requests entry of an order directing: (1) LifeSkills to produce the records requested in the subpoena; and (2) the requested records may be disseminated to counsel of record in this case and any consultants and/or expert witnesses who have been retained by or on behalf of any party to this action (DN 43-2 Proposed Order).

Kevin Whitaker is asserting the psychotherapist-patient privilege, under KRE 507, as to the medical records that ABF seeks from LifeSkills (DN 51 PageID # 606). Additionally, Kevin Whitaker asserts the medical records are not relevant because they involve treatment prior to the motor vehicle accident (Id.).

Discussion

Typically, a party does not have standing to quash or object to a Rule 45 subpoena served on a non-party, unless the party claims a privilege or other personal right regarding the requested documents. Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975) (object); Sys. Prods. & Solutions, Inc. v. Scramlin, No. 13-CV-14947, 2014 WL 3894385, at *7 (E.D.

Mich. Aug. 8, 2014) (quash); Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 22 (D. D.C. 2005) (quash); Stewart v. Mitchell Transport, No. 01-2546-JWL, 2002 WL 1558210, at *1 (D. Kan. July 8, 2002) (quash); Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 555 (N.D. Ga. 2001) (quash); Iron Workers' Local Pension Fund v. Watson Wyatt & Co., Nos. 04-CV-40243, 07-CV-12368, 2009 WL 648503, at *6 (E.D. Mich. Mar. 10, 1999) (object). Here, Kevin Whitaker has standing to object to the Rule 45 subpoena served on non-party witness LifeSkills because is claiming a privilege regarding the requested documents.

The Court will begin by assessing whether the documents at issue are relevant within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure.[1] The Rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." Fed. R. Civ. P. 26(b)(1). ABF asserts, and the Whitakers do not deny, that their expert disclosures (DN 31) and Kevin Whitaker's injury claims include the allegation that he suffered a brain injury that has left him with several neurological and psychiatric conditions. ABF also reports, and the Whitakers do not deny, that Kevin Whitaker's responses to written discovery and his deposition testimony indicate he treated with LifeSkills before the accident for psychiatric and mental health issues. Considering the circumstances, documents addressing the psychological/psychiatric treatment Kevin Whitaker received prior to the accident are relevant, within the meaning of Rule 26(b)(1), to the Whitakers' claims and ABF's defense in this case. The Court will now address the issue of whether the documents are discoverable.

---

1 Rule 26(b)(1) defines the scope of discovery for a subpoena issued pursuant to Rule 45. Medical Ctr. at Elizabeth Place, LLC v. Premier Health Partners, 294 F.R.D. 87, 92 (S.D. Ohio 2013) (quoting Hendricks v. Total Quality Logistics, 275 F.R.D. 251, 253 (S.D.Ohio 2011)); Barrington v. Mortage IT, Inc., No. 07-61304-CIV, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007) (citations omitted).

Rule 26(b)(1) of the Federal Rules of Civil Procedure mandates that privileged matters are afforded an absolute protection from discovery. Rule 501 of the Federal Rules of Evidence directs when state law supplies the rule of decision as to the claims and defenses raised in a diversity case, that state's law on privilege should be applied when assessing claims of privilege. See e.g. Jewell v. Holzer, 899 F.2d 1507, 1513 (6th Cir. 1990). Here, Kentucky law supplies the rule of decision as to the claims and defenses raised in this diversity case. Therefore, Kentucky's law on privilege applies in this case.

Kentucky's psychotherapist-patient privilege is expressed in Rule 507 of the Kentucky Rules of Evidence (KRE). In pertinent part, the Rule directs that a patient "has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications, made for the purpose of diagnosis or treatment of the patient's mental condition, between the patient, the patient's psychotherapist, or persons who are participating in that diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family." KRE 507(b). Kevin Whitaker has asserted the medical records at issue are subject to Kentucky's psychotherapist-patient privilege. ABF did not file a reply memorandum disputing his assertion or arguing that one of the exceptions to the privilege applies. In the absence of any argument to the contrary, the Court concludes the documents subject to ABF's subpoena are not discoverable under Kentucky's psychotherapist-patient privilege.

ORDER

**IT IS HEREBY ORDERED** that Defendant ABF Freight System, Inc.'s motion to compel (DN 43) is **DENIED**.

May 1, 2019

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:   Counsel of Record