# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:17-CV-00206-GNS-HBB

**KEVIN WHITAKER,** *et al.*                                                          **PLAINTIFFS**

**VS.**

**ABF FREIGHT SYSTEM, INC.,** *et al.*                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion of Defendant ABF Freight System, Inc. (DN 54) to reconsider the Court's prior ruling at DN 53. Plaintiffs Kevin and Brittany Whitaker have responded in opposition at DN 56 and ABF has replied at DN 57.

### Background

On January 17, 2019, ABF served nonparty witness LifeSkills, Inc. with a subpoena duces tecum seeking copies of all documents related to LifeSkills' medical treatment of Kevin Whitaker. LifeSkills responded to ABF that, before it would produce the requested records, it first required either a court-order compelling production or execution of a LifeSkills approved medical release form. ABF forwarded the release form to Whitaker, but he failed to execute it. ABF then filed a motion to compel LifeSkills to produce Whitaker's records (DN 43).

This case arises from a motor-vehicle collision. In support of its motion, ABF argued that LifeSkills' records were relevant and necessary because Kevin Whitaker contends that his collision-induced injuries include a brain injury with resulting neurological and psychiatric

conditions. Whitaker opposed the motion, interposing the psychotherapist-patient privilege embodied in KRE 507.

The Court evaluated ABF's motion and made several findings. First, the Court found that Whitaker had standing to object to the subpoena served on non-party Lifeskills because Whitaker is claiming a privilege regarding the requested documents (DN 53, p. 2-3). Next, the Court concluded that the LifeSkills' records in question are relevant, within the meaning of Fed. R. Civ. P. 26(b)(1), to the Whitakers' claims and ABF's defense in this case (Id. at p. 3). Finally, the Court considered the impact of KRE 507, which provides that a patient "has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications, made for the purpose of diagnosis or treatment of the patient's mental condition, between the patient, the patient's psychotherapist, or persons who are participating in that diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family. KRE 507(b)" (Id. at p. 4).[1] The Court noted that Whitaker had asserted the applicability of the privilege to the LifeSkills records and that ABF had failed to avail itself of the opportunity to file a reply addressing the argument. Consequently, the Court ruled that "[i]n the absence of any argument to the contrary, the Court concludes the documents subject to ABF's subpoena are not discoverable under Kentucky's psychotherapist-patient privilege" and denied ABF's motion to compel (Id.).

ABF's Motion

ABF brings the motion under Fed. R. Civ. P. 54(b) and 60(b), asking that the Court "reconsider, revise, relieve ABF from, or otherwise set aside [DN 53] and enter an Order granting ABF's Motion to Compel" (DN 54, p. 1). ABF notes that, while the Court ruled that the

---

[1] Because this is a diversity jurisdiction case, Fed. R. Evid. 501 directs that when state law supplies the rule of decision, that state's law of privilege should be applied when assessing claims of privilege. See Jewell v. Holzer, 899 F.2d 1507, 1513 (6th Cir. 1990).

privilege set forth in KRE 507 applied, the Court did not consider an exception contained in the rule which ABF argues is applicable. ABF notes that KRE 507(c)(3) makes the privilege inapplicable "if the patient is asserting that patient's mental condition as an element of a claim or defense. . . ." ABF argues that, in cases such as this where a personal-injury claimant asserts a mental condition as part of the damages, the privilege is waived. *See* Dudley v. Stevens, 338 S.W.3d 774 (Ky. 2011); Maysey v. Henkel Corp., No. 1:17-CV-00108-GNS, 2018 U.S. Dist. LEXIS 2211, at *6-8 (W.D. Ky. Jan. 5, 2018).

ABF argues that the Court's prior order should be revised because it represents a manifest injustice to ABF, in that it would be "fundamentally unfair" to deny it access to Whitaker's medial records, which may reveal the existence of pre-existing mental conditions.

### Whitakers' Response

The Whitakers devote a single paragraph to their response to ABF's motion. They simply state that the Court has already ruled upon the motion and should not disturb the ruling. The Whitakers do not address the question of whether the exception of KRE 507(c)(3) applies.

### Discussion

Rule 60(b) is not the proper rule for ABF's motion because it applies only to a "final judgment, order, or proceeding." A ruling on a motion to compel is not a final judgment or order. *See* Holders v. Saunders, No. 13-38-ART, 2014 U.S. Dist. LEXIS 174592, at *2 (E.D. Ky. Dec. 16, 2014).

Under Rule 54(b) a court may reconsider interlocutory orders. Justification for reconsideration is found when there is an intervening change in controlling law, new evidence or "a need to correct a clear error or prevent manifest injustice." Reed v. Gulf Coast Enters., No. 3:15-CV-00295-JHM, 2016 U.S. Dist. LEXIS 95183, at *6 (W.D. Ky. July 21, 2016). However,

3

a motion to reconsider under Rule 54(b) may not serve as a vehicle to raise legal arguments which could have been, but were not, raised during the pendency of the motion for which reconsideration is sought. Id.

Manifest injustice exists when there is a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy. United States v. Canal Barge Co., No. 4:07-CR-12-JHM, 2009 U.S. Dist. LEXIS 17490, *5 (W.D. Ky. March 4, 2009) (*quoting* United States v. Jarnigan, No. 3:08-CR-7, 2008 U.S Dist. LEXIS 101768, *2 (E.D. Tenn. Dec. 17, 2008)). Manifest injustice does not exist, however, where a party could have avoided the outcome but instead elected not to act until after an order had been entered. Id. at *6 (*quoting* In re King, No. 05-51441, Chapter 7, 2005 Bankr. LEXIS 2896, *5 (S.D. Ohio July 15, 2005)). That is the position in which ABF finds itself. As noted earlier, the Whitakers raised the issue of privilege in their response to ABF's motion. ABF failed to file a reply addressing the exception which it now advances and, with the assertion of privilege unrebutted, the Court denied ABF's motion. ABF seeks now to make the argument against privilege which it should have made by way of reply and without any explanation of why it was unable to assert the argument at that time.

ABF's motion is not predicated on newly discovered evidence or a change in law, thus the only remaining basis for reconsideration would be a clear error of law. However, where a party does not raise an issue in the initial pleadings, the issue is deemed waived and there is no clear error of law. *See* Hashemian v. Louisville Reg'l Airport Auth., No. 3:09-cv-951-R, 2013 U.S. Dist. LEXIS 106951, *7 (W.D. Ky. July 31, 2013); *see also* Galeana Telecoms. Invs., Inc. v. Amerifone Corp., No. 15-cv-14095, 2018 U.S. Dist. LEXIS 58018, *13-14 (E.D. Mich. April 5, 2018) (Failure to file a reply to arguments raised in a response deemed waiver of opposition).

ORDER

**WHEREFORE** the motion of Defendant ABF Freight System, Inc. for reconsideration, DN 54, is DENIED.

Copies: Counsel of Record